**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    Crim No. 20-223 (GC) |
| v. | : |
| | :    **OPINION** |
| KHAMRAJ LALL, | : |
| | : |

**CASTNER, District Judge**

      Petitioner, Khamraj Lall ("Petitioner" or "Lall"), is a federal prisoner proceeding *pro se* with a petition for writ of error *coram nobis*. (*See* ECF 4). Petitioner is currently incarcerated at USP Canaan in Waymart, Pennsylvania. He seeks *coram nobis* relief related to a criminal conviction against him in the United States District Court for the District of Puerto Rico. More specifically, Petitioner claims that his counsel in his District of Puerto Rico case was ineffective in relation to Petitioner pleading guilty to an indictment related to bulk cash smuggling. In 2016, Petitioner was sentenced to one year of imprisonment to be followed by three years of supervised release in that case. (*See* ECF 4 at 1).

      In March 2020, a transfer of jurisdiction related to Petitioner's District of Puerto Rico conviction was filed pursuant to 18 U.S.C. § 3605[1] in this Court. That document stated as follows:

---

[1] That statute states as follows:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

> IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District court for the District of New Jersey upon that Court's acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.

(ECF 1 at 1).

Petitioner is currently serving a period of incarceration related to a criminal conviction in this Court. (*See* Crim. No. 17-343). In October, 2022, Petitioner filed a petition for writ of error *coram nobis* in this criminal action though related to his District of Puerto Rico conviction. He claims his guilty plea in the District of Puerto Rico should be vacated because he was provided ineffective assistance of counsel as his plea was unknowing, involuntary, and wholly unintelligent. (*See* ECF 4 at 2-3). The government subsequently filed a response in opposition to Petitioner's petition for writ of error *coram nobis*. (*See* ECF 9). Petitioner thereafter filed a reply in support of his petition. (*See* ECF 11). The matter is now ready to be adjudicated.

"The writ of error *coram nobis* is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola,* 248 F. App'x 409, 411 (3d Cir. 2007) (citing *Carlisle v. United States,* 517 U.S. 416, 429 (1996); *United States v. Stoneman,* 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser,* 864 F.2d 1056, 1059 (3d Cir.1988); *United States v. Gross,* 614 F.2d 365, 368 (3d Cir. 1980) (per curiam)). A petition for writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has completed serving his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *Id.* (citing *Stoneman,* 870 F.2d at 105–06). "A *coram nobis* petitioner must

---

18 U.S.C. § 3605.

. . . show that (1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier." *Id.* at 412 (internal quotation marks and citations omitted). The burden is heavy, but not insurmountable; the United States Supreme Court has "reaffirmed the continued existence of *coram nobis* relief in the appropriate circumstances." *Id.* (citing *United States v. Morgan,* 346 U.S. 502, 511 (1954)) (footnote omitted).

One argument that Respondent raises in its brief is that the District of New Jersey is not the proper forum for Petitioner to collaterally attack his District of Puerto Rico federal criminal conviction via *coram nobis*. This Court agrees. As noted above, Petitioner's *coram nobis* petition relates to actions occurring related to the purported ineffective assistance of counsel prior to the transfer of jurisdiction under § 3605 on Petitioner's supervised release. As one court has explained:

> transferor courts have addressed motions pertaining to pre-transfer matters filed after § 3605 transfers of supervised release jurisdiction. *See United States v. Caicedo*, 341 F. App'x 403, 403-04 (10th Cir. 2009) (declining to issue a certificate of appealability for a 28 U.S.C. § 2255 motion and agreeing with the district court that arguments relating to issues before transfer were untimely under § 2255(f) while arguments pertaining to post-transfer issues needed to be raised before the transferee court). *Kloszewski v. United States*, No. ST-91CR57-MU, 2006 WL 1549115, at *2-3 (W.D.N.C. May 31, 2006) (denying petition for writ of error *coram nobis* challenging an amended judgment entered prior to § 3605 transfer). Although Goddard appears to have omitted certain pages from his petition dated September 2, 2021, it is clear that he argues that the United States failed to charge him with an actual offense, which relates to an issue pre-dating the transfer of supervised release jurisdiction. [*See* Record No. 495, p. 2]
>
> Moreover, a writ of *coram nobis* "can be filed only in the court where the alleged errors occurred because it is in that district where the records and government officials involved are located." *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006) (internal quotation marks and citations omitted). Here, the alleged errors

3

> appear to relate to the charge brought by the United States against the defendant in this district. Finally, the Court notes that the authority to grant a writ of error *coram nobis* in criminal cases derives from the All Writs Act, 28 U.S.C. § 1651. *See United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). The All Writs Act found in Title 28, unlike 18 U.S.C. § 3583, is not among the statutory provisions for which jurisdiction is automatically transferred by the terms of § 3605. *See* 18 U.S.C. § 3605.

*United States v. Goddard*, Crim. No. 07-134, 2021 WL 4189606, at *1–2 (E.D. Ky. Sept. 14, 2021).

Jurisdiction over the supervised release portion of Petitioner's District of Puerto Rico conviction does not change this Court's analysis that it is that District, as opposed to this Court, that is the proper forum for Petitioner to seek *coram nobis* relief related to the purported ineffective assistance of counsel on that conviction in the first instance. *Cf. United States v. Cottom*, Crim. No. 15-6054; Crim. No. 21-6067, 2021 WL 3046643, at *3 (W.D.N.Y. July 20, 2021) ("18 U.S.C. § 3605 expressly limits the Court to which jurisdiction over supervised release is transferred to the "exercise [of] all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." Such powers do not include consideration of a motion attacking a defendant's conviction or the imposition of his sentence. Nothing in the relevant statutory scheme supports the conclusion that this District is the appropriate forum to hear Defendant's challenges to his conviction and the imposition of his sentence.").

Based on the above, given that the District of New Jersey is not the proper forum for Petitioner to seek relief related to the purported ineffective assistance of his counsel in his District of Puerto Rico criminal conviction, this Court will deny Petitioner's petition for writ of error *coram*

*nobis* filed in this Court without prejudice.[2]  Petitioner is of course free to seek *coram nobis* relief from that conviction in the District of Puerto Rico should he elect to do so.  An appropriate Order will be entered.

DATED:  June 16, 2023                                                   /s/ *Georgette Castner*
GEORGETTE CASTNER
United States District Judge

---

[2] Because this Court is not the proper forum for Petitioner to seek *coram nobis* relief related to his District of Puerto Rico conviction, this Court need not analyze Respondent's other arguments for why Petitioner is not entitled to *coram nobis* relief.

5